### HERNON CONNOR V. THE STATE.

#### No. 9592.   Delivered November 25, 1925.

**1.—Murder—Argument of Counsel—Not Improper.**

Where, on a trial for murder, it having been shown that both appellant and one Brooksie Connor were indicted for the homicide, the evidence being conflicting, it was not improper for State counsel, in his argument to the jury, to contend that appellant, and not Brooksie Connor, was the guilty party, and that he would dismiss the case against Brooksie Connor.

**2.—Same—New Trial—Properly Refused.**

Where, in his motion for a new trial, appellant attacked the affidavit of one Brooksie Connor, jointly indicted with appellant for this offense, to the effect that he, Brooksie Connor, and not the appellant, shot and killed the deceased. Such affidavit coming from a co-defendant could not be considered and the motion for a new trial was properly refused.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*G. Q. Youngblood* and *G. O. Crisp*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is five years in the penitentiary.

The record contains no special charges and no objections to the charge of the court. It contains only two bills of exception; one complaining of improper argument of State's counsel and the other complaining of the action of the court in overruling the appellant's second assignment in the motion for a new trial, same being to the effect that Brooksie Connor and not the appellant Hernon Connor was the party who killed the deceased.

The argument complained of was as follows:

"You will convict men for selling whiskey and for making whiskey, and turn them loose for murder. Murder is the easiest case in the world to beat; in this case life has been snuffed out, somebody is guilty of murder. Dave Roberson says that Hernon Connor fired the shot that killed Sing Roberson; the

defendant and his witnesses say that Brooksie Connor fired the shot. I tell you that Brooksie Connor will never be tried for this murder; he cannot be convicted, and I intend to dismiss his case."

The court qualifies this bill by stating that in connection with the argument the county attorney explained to the jury why Brooksie Connor could and should not be convicted and that his case would be dismissed, in the following language:

"Brooksie Connor could not and should not be convicted, because the only eye witness, Dave Roberson, says that the defendant Hernon Connor did the shooting that killed deceased; and if his testimony is to be believed, Brooksie Connor did not do the killing; and, on the other hand, the defendant and his witness say Brooksie Connor did the shooting, and it was done in self-defense, and if their testimony is to be believed Brooksie Connor would not be guilty, because he acted in self-defense. How could the State hope to convict Brooksie Connor, contending that the defendant is the guilty person, and I will dismiss his case, and it should be."

As explained by the trial judge, we are disposed to think the argument was entirely legitimate. Again we hold that the testimony from the standpoint of the State, at least, shows a wanton killing, done without excuse or justification, and the jury gave the appellant the lowest penalty known to the law for the offense of murder. This being true, we hold that the bill shows no error for the additional reason that injury is not shown to have resulted from the argument.

Bill of exceptions No. 2 complains because the court did not grant appellant a new trial, in view of the fact that Brooksie Connor, after the trial was over, filed an affidavit stating that he and not the appellant killed the deceased. The court's ruling in this respect was correct. The co-defendant, Brooksie Connor, being jointly indicted with the appellant, his affidavit is not available to appellant. The State's testimony is positive to the effect that the appellant fired the shot that killed the deceased, and while this was controverted, yet the jury saw fit to believe the State's testimony, and we will not disturb their verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.